Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| CARLOS DÍAZ VILLEGAS<br><br>Apelante<br><br><br>V.<br><br><br>GOBIERNO DE PUERTO RICO Y OTROS<br><br>Apelados | TA2025AP00016 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: SJ2024CV04496<br><br>Sobre: Discrimen (Ley Núm. 100), Procedimiento Sumario (Ley Núm. 2) |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de agosto de 2025.

Comparece el señor Carlos Díaz Villegas (señor Díaz Villegas o apelante) y solicita revisar una *Sentencia* emitida el 16 de mayo de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI).[1] En esta, el TPI desestimó una *Demanda* en contra del Gobierno de Puerto Rico (Gobierno); el Departamento de Seguridad Pública (DSP); el señor Alexis Torres como secretario; el Negociado del Cuerpo de Bomberos (NCB); el señor Marcos Tirado como comisionado, y el señor Javish Collazo Fernández como comisionado auxiliar (en conjunto, apelados) por falta de jurisdicción sobre la materia.

Por los fundamentos que expondremos a continuación, adelantamos la confirmación de la *Sentencia* apelada. No obstante, en atención a que la comunicación enviada al apelante carecía de ciertas advertencias requeridas por nuestro ordenamiento, se ordena que el DSP emita una nueva notificación de traslado al señor Díaz Villegas, conforme a derecho.

---

[1] Entrada Núm. 37 del expediente del caso SJ2024CV04496 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC). Notificada el 19 de mayo de 2025.

**I.**

Este caso se originó el 20 de mayo de 2024, cuando el señor Díaz Villegas presentó una *Demanda* contra los apelados por discrimen al amparo de la *Ley contra el Discrimen en el Empleo*, Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 LPRA sec. 146 *et seq.* y la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.*[2] En esta, arguyó que ocupaba un puesto de carrera como jefe de local de la estación de bomberos de San Lorenzo. No obstante, adujo que el 21 de agosto de 2023 recibió una carta de traslado en la que se le informó que, a partir del 5 de septiembre de 2023, sería reubicado al distrito de Caguas, sin brindársele ninguna explicación sobre el motivo de esta determinación. El apelante alegó que su traslado contravino el *Reglamento sobre Investigación y Adjudicación de Querellas Administrativas del DSP*, Reglamento Núm. 9389, Departamento de Estado, 22 de junio de 2022. Afirmó que no respondió a una necesidad imperiosa de servicio, sino que el señor Collazo Fernández lo ordenó como represalia por su participación en la campaña de la entonces aspirante a gobernación, Hon. Jennifer González Colón. Añadió que dicho traslado perjudicó su entorno laboral y familiar, por lo que solicitó los remedios de la *Ley contra el Discrimen en el Empleo*, *supra*.

Tras varios trámites procesales, el 14 de marzo de 2025, los apelados presentaron una *Moción de Desestimación*.[3] Como argumento principal, señalaron que el señor Díaz Villegas no acudió ante la Comisión Apelativa del Servidor Público (CASP) dentro del término de treinta (30) días desde que se le notificó su reubicación. Precisaron que al amparo del Artículo 2 del Plan de Reorganización

---

[2] *Íd.*, Entrada Núm. 1.
[3] *Íd.*, Entrada Núm. 22.

Núm. 2-2010, 3 LPRA Ap. XIII, Art. 2, la CASP era el foro administrativo que inicialmente recibía la prueba y emitía determinaciones en los casos relacionados con la *Ley para la Administración y Transformación de los Recursos Humanos en el Gobierno de Puerto Rico*, Ley Núm. 8-2017, según enmendada, 3 LPRA sec. 1469 *et seq* (*Ley para la Administración y Transformación de los Recursos Humanos*). Ante ello, indicaron que medió incuria por parte del apelante, quien renunció a su derecho de vindicar su reclamo ante el foro con jurisdicción. Asimismo, argumentaron que la *Ley contra el Discrimen en el Empleo, supra*, y la *Ley de Procedimiento Sumario de Reclamaciones Laborales, supra*, no eran aplicables a los empleados públicos, por lo que dichas causas de acción se debían ser desestimadas.

En igual fecha, el Departamento de Justicia, en representación del señor Collazo Fernández en su carácter oficial, solicitó la desestimación de la *Demanda*.[4] En síntesis, expuso que al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, la *Demanda* no exponía una reclamación que justificara la concesión de un remedio. Ello, al puntualizar que las acciones del señor Collazo Fernández quedaron cubiertas por la *Ley de Reclamaciones y Demandas contra el Estado*, Ley Núm. 104 de 29 de junio de 1955, según enmendada, 32 LPRA sec. 3077 *et seq.,* y la doctrina de inmunidad condicionada. Aseveró que no le competía ordenar la restitución del apelado a su puesto anterior, ya que era una facultad exclusiva del patrono. A su vez, planteó que los remedios solicitados al amparo de la *Ley contra el Discrimen en el Empleo, supra*, no eran extensivos al sector público.

Posteriormente, el 30 de abril de 2025, el señor Díaz Villegas presentó una réplica en la que reconoció que la CASP era el foro para

---

[4] *Íd.*, Entrada Núm. 24.

ventilar las disputas administrativas sobre promociones, salarios y reubicaciones en las agencias gubernamentales.[5] Pero, sostuvo que dicho foro no podía intervenir en casos de violación constitucional o discrimen político, ni otorgar indemnización por daños. Asimismo, adujo que los apelados nunca le informaron sobre su derecho a apelar administrativamente el traslado, por lo que recibió una notificación inadecuada. Relató que el 13 de octubre de 2023 envió varios comunicados solicitando iniciar el trámite administrativo correspondiente. Por tal razón, alegó que era impropio que se alegara falta de jurisdicción del TPI, si los propios apelados impidieron el trámite administrativo.

Una vez evaluado el asunto, el 16 de mayo de 2025, el TPI emitió una *Sentencia* en la que desestimó con perjuicio y archivó la *Demanda* contra todos los apelados.[6] Ello, al determinar que carecía de jurisdicción sobre la materia por disposición legislativa, ya que la CASP ostentaba jurisdicción primaria exclusiva para atender la controversia relacionada con la reubicación del apelante. Por ello, indicó que estaba impedido de adjudicar si la reubicación del señor Díaz Villegas estuvo justificada, si fue una prerrogativa de la agencia o si se violó su debido proceso de ley. Reconoció que existían excepciones para preterir el cauce administrativo, pero destacó que era necesario demostrar con hechos específicos y bien definidos una violación de derechos que causara un daño irreparable o imposibilitara la aplicación de la pericia administrativa. Empero, concluyó que el apelante sólo alegó discrimen político sin probar que la actuación del patrono fuera una injuria de tal magnitud o intensidad que ameritara obviar el proceso ante la CASP.

El Foro apelado consignó que no procedía la acción bajo la *Ley contra el Discrimen en el Empleo, supra*, en vista de que no era

---

[5] *Íd.*, Entrada Núm. 33.
[6] *Íd.*, Entrada Núm. 37. Notificada el 19 de mayo de 2025.

aplicable a las agencias gubernamentales ni protegía a sus empleados. Además, consideró improcedente el procedimiento sumario laboral por solamente estar disponible para el sector privado.

Inconforme, el 18 de junio de 2015, el señor Díaz Villegas apeló y señaló que el TPI incurrió en el siguiente error:

> ERRÓ EL TRIBUNAL A DICTAR SENTENCIA Y DESESTIMANDO LA CAUSA DE ACCIÓN PORQUE EL DEMANDANTE NO ACUDIÓ AL FORO CON JURISDICCIÓN EXCLUSIVA Y NO AGOTÓ EL REMEDIO ADMINISTRATIVO DISPONIBLE.

En esencia, el apelante reiteró que la carta de traslado no incluyó la debida notificación sobre su derecho a impugnar la determinación ante la agencia o la CASP. A su vez, apuntó que el 13 de octubre de 2023 envió, dentro del término correspondiente y sin obtener respuesta, varias comunicaciones dirigidas a los apelados, mediante las cuales solicitó la tramitación del procedimiento administrativo correspondiente para atender su situación. En vista de ello, alegó que se le privó del debido proceso de ley al recibir una notificación deficiente. A su juicio, esta omisión evidenció una actuación intencional de discrimen político en su contra, cuyo objetivo fue obstaculizar deliberadamente el acceso al foro administrativo. Sin embargo, argumentó que su reclamación no se limitó a solicitar el remedio por el traslado, sino que también denunció un discrimen político respaldado por una declaración jurada presentada por un empleado involucrado.

Cónsono con lo anterior, si bien reconoció que los tribunales solo podían intervenir una vez se agotara el trámite ante la CASP, insistió en que su caso comprendía dos (2) excepciones: la violación de derechos constitucionales y la existencia de daños irreparables. Según aseveró, la carga económica que implicaba el traslado de San Lorenzo a Caguas, así como el cambio de horario laboral tornaban en irrazonable el requerir el agotamiento de remedios administrativos.

Por su parte, el 18 de julio de 2025, la Oficina del Procurador General (OPG), en representación de los apelados, argumentó que el TPI actuó correctamente al concluir que procedía la desestimación, dado que la CASP poseía jurisdicción primaria exclusiva para atender la controversia. Añadió que la omisión de la advertencia en la carta de traslado no eliminaba la jurisdicción de la CASP, puesto que fue conferida por mandato estatutario. No obstante, admitió que la carta enviada por el DSP carecía de advertencias adecuadas sobre el derecho a acudir ante la CASP. Planteó que los términos para presentar el recurso ante la CASP no habrían comenzado a transcurrir, lo que obligaría al DSP a expedir una nueva notificación que incluyera las advertencias sobre el derecho a apelar, a partir de la cual comenzaría a decursar el término aplicable. Empero, afirmó que este caso adolecía del grave e insubsanable defecto de falta de jurisdicción del TPI, por lo que procedía desestimarlo.

## II.

### A. Jurisdicción

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos y controversias. *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385-386 (2020); *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). Los tribunales en Puerto Rico poseen jurisdicción general para atender cualquier causa de acción, a menos que carezcan tenga jurisdicción sobre la materia. *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020).

La jurisdicción sobre la materia es la capacidad para atender y resolver una controversia, la cual puede ser limitada por disposición legislativa. *Íd., citando a* J.A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, Colombia, Ed. Nomos, 2010, pág. 25. Por su parte, la doctrina de jurisdicción primaria es una norma de autolimitación

judicial para determinar el foro con jurisdicción original respecto a un asunto. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023). Cuando la Legislatura establece que un foro administrativo tiene jurisdicción sobre un asunto, los tribunales quedan impedidos de intervenir en primera instancia. *Íd.* Existen dos (2) vertientes de esta doctrina: la jurisdicción primaria concurrente y la jurisdicción primaria exclusiva. *Íd.* En lo que nos atañe, la jurisdicción primaria exclusiva surge cuando la ley confiere expresamente la autoridad para dilucidar una controversia inicialmente. *Íd.* Se trata, por tanto, de una jurisdicción sobre la materia que ha sido delegada de forma exclusiva al foro administrativo. *Íd.* Una vez la agencia emita su determinación final, la parte afectada puede recurrir a una revisión judicial. *Íd.* Por otro lado, quien pretenda eludir el trámite administrativo debe demostrar que este resulta inútil, inefectivo, carece de un remedio adecuado o que tendría el efecto de causar un daño irreparable e inminente. *Beltrán Cintrón et al. v. ELA et al.*, *supra*, pág. 115. Lo anterior se debe sustentar con prueba adecuada, ya que las meras alegaciones o conjeturas no son suficiente. *Moreno Ferrer v. JRCM*, 209 DPR 430 (2022).

Ante la falta de jurisdicción, un tribunal carece de facultad para adjudicar la controversia. *Allied Mgmt. Group v. Oriental Bank*, *supra*, pág. 386. Por ello, un foro judicial tiene la responsabilidad indelegable de examinar, en primera instancia, el aspecto jurisdiccional de toda situación jurídica presentada ante sí. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). Pues, un ente adjudicativo carece de discreción para asumir jurisdicción donde no la hay ni una parte puede conferírsela voluntariamente. *Íd.*

La falta de jurisdicción no puede ser subsanada y conlleva la nulidad del dictamen. *Allied Mgmt. Group v. Oriental Bank, supra*, pág. 386. En tal sentido, una sentencia emitida sin jurisdicción es nula y carece de efectos jurídicos. *Íd.* Cuando un tribunal carece de

jurisdicción para intervenir en un asunto, procede así declararlo y desestimar inmediatamente el recurso, sin entrar en sus méritos. *Torres Alvarado v. Madera Atiles*, *supra*, pág. 501; *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012).

### B. CASP

La Sección 6.4 (2)(a) de la *Ley para la Administración y Transformación de los Recursos Humanos, supra,* sec. 1472d, dispone que, si una agencia tiene una necesidad de prestación de servicio permanente, por un término de hasta doce (12) meses, una situación imprevista o un proyecto *bona fide* con fondos públicos, la Oficina de Administración y Transformación de los Recursos Humanos (OATRH) podrá suplir el recurso mediante traslado o movilidad, según corresponda. La Sección 6.4 (3)(1)(b) del Reglamento para la Aplicación de la Ley Núm. 8-2017, Reglamento Núm. 8992, Departamento de Estado, 24 de julio de 2017, págs. 117-119, establece las siguientes normas para los traslados:

> [...]
>
> 3) Será responsabilidad de la [OATRH] y, en cuanto corresponda, de las Autoridades Nominadoras que no formen parte del Sistema de Administración y Transformación de los Recursos Humanos del Gobierno de Puerto Rico, evaluar con imparcialidad los traslados que se propongan efectuar para que éstos respondan a las necesidades del servicio. Ello va dirigido a que se atiendan las siguientes consideraciones al momento de coordinarse el traslado:
>
> > i. naturaleza de las funciones del puesto al cual vaya a ser trasladado el empleado;
> >
> > ii. conocimientos, habilidades especiales, destrezas y experiencia que requieren para el desempeño de las funciones;
> >
> > iii. normas de reclutamiento en vigor para la clase de puesto a la cual vaya a ser trasladado el empleado;
> >
> > iv. retribución que esté percibiendo el empleado a ser trasladado; y
> >
> > v. otros beneficios marginales e incentivos que pueda estar disfrutando el empleado a ser trasladado.
>
> 4) Excepto lo dispuesto en el sub inciso (8) de la presente subsección, los traslados en ninguna forma podrán hacerse como medida disciplinaria, ni caprichosa o arbitrariamente. Para que el juicio y determinación de los mismos no pueda ser utilizado irrazonablemente, los mismos deben estar

fundamentados en razones como las señaladas en el inciso (1) (b) de la presente subsección.

5) En ningún caso el traslado, ni el movimiento cautelar de personal podrá resultar oneroso para el empleado objeto del mismo.

**6) Al empleado se le informará por escrito sobre el traslado. Como norma general, la notificación al empleado deberá hacerse con treinta (30) días de antelación. En circunstancias imprevistas o de emergencia, podrá hacerse excepción a esta norma.**

**(7) Al notificar a un empleado sobre la decisión de traslado, se le deberá apercibir sobre su derecho de apelar ante la Comisión Apelativa del Servicio Público dentro del término de treinta (30) días, si estima que se han violado sus derechos. La apelación no tendrá el efecto de detener la acción notificada.** […] (Énfasis nuestro).

Es decir, el patrono tiene el deber de notificar por escrito al empleado sobre su derecho a apelar la decisión del traslado ante la CASP. Este organismo cuasi-judicial está especializado en asuntos obreros-patronales y del principio de mérito en el que se atienden casos laborales, de administración de recursos humanos y de querellas de ciertos empleados públicos. Art. 4 del Plan de Reorganización Núm. 2-2010, *supra*, Art. 4. Entre las facultades que se les concedieron a la CASP, se encuentran las siguientes:

[…]
i) conceder los remedios que estime apropiados y emitir las órdenes que sean necesarias y convenientes conforme a las leyes aplicables. Esto incluye, entre otras, órdenes provisionales o permanentes de cesar y desistir; órdenes para la reposición de empleados suspendidos o destituidos, con o sin el abono de la paga atrasada dejada de percibir y la concesión de todos los beneficios marginales a los cuales los empleados hubiesen tenido derecho durante el período de suspensión o destitución; órdenes imponiendo sanciones económicas o procesales a agencias, funcionarios o representantes legales por incumplimiento o dilación de los procedimientos; y órdenes imponiendo sanciones a agencias, organizaciones sindicales o representantes exclusivos, incluyendo la descertificación de estos últimos;

j) conceder indemnizaciones por daños y perjuicios e imponer multas administrativas en todo tipo de discrimen que sea probado por los empleados que acuden ante este foro, sin menoscabo de los derechos de los servidores públicos de recurrir al foro judicial para el reclamo de daños y perjuicios cuando no lo reclamen ante la Comisión;

[…]

l) atenderá toda querella o apelación que se presente oportunamente y que concierna a su jurisdicción, para lo cual deberá interpretar, aplicar y hacer cumplir las disposiciones de la [*Ley para la Administración y Transformación de los*

*Recursos Humanos, supra*] y reglamentación vigente, en todo lo relativo a la administración de los recursos humanos y la relación obrero patronal; [...] Art. 8 del Plan de Reorganización Núm. 2-2010, *supra.*

Por su parte, el Artículo 12 del Plan de Reorganización Núm. 2-2010, *supra,* Art. 12, establece que la CASP tiene jurisdicción exclusiva apelativa sobre las acciones o decisiones de los administradores individuales en las siguientes instancias:

a) cuando un empleado, dentro del Sistema de Administración de los Recursos Humanos, no cubierto por la Ley Núm. 45-1998, según enmendada, conocida como la "Ley de Relaciones del Trabajo del Servicio Público", alegue que una acción o decisión le afecta o viola cualquier derecho que se le conceda en virtud de las disposiciones de la [*Ley para la Administración y Transformación de los Recursos Humanos, supra*], según enmendada, la Ley 107- 2020, según enmendada, conocida como "Código Municipal de Puerto Rico", los reglamentos que se aprueben para instrumentar dichas leyes, o de los reglamentos adoptados por los Administradores Individuales para dar cumplimiento a la legislación y normativa aplicable;

[...]

d) cuando un Administrador Individual alegue que una acción, omisión o decisión de la Oficina es contraria a las disposiciones generales de la [*Ley para la Administración y Transformación de los Recursos Humanos, supra*], en las áreas esenciales al principio de mérito;

[...]

g) cualquier asunto proveniente u originado de la administración de los recursos humanos no cubierto en otras leyes o convenios colectivos. Véase, también, Sec. 1.1 del Reglamento Procesal, Reglamento Núm. 7313, Departamento de Estado, 7 de marzo de 2007, pág. 2.

Esto es, la CASP posee jurisdicción apelativa exclusiva sobre todas las reclamaciones relacionadas a asuntos obrero-patronales y el principio de mérito, el cual incluye la clasificación de puestos, reclutamiento, selección, ascensos, traslados, descensos, entre otros. *Colón Rivera v. ELA*, 189 DPR 1033, 1051 (2013).

### III.

En el presente caso, el señor Díaz Villegas planteó que el Foro Primario cometió error al desestimar su causa de acción por carecer de jurisdicción y falta de agotamiento de los remedios administrativos.

Luego de examinar sosegadamente el expediente ante nuestra consideración, corresponde confirmar la determinación apelada, toda vez que el TPI carecía de jurisdicción sobre la materia. Por virtud de la *Ley para la Administración y Transformación de los Recursos Humano, supra,* y el Plan de Reorganización Núm. 2-2010, *supra,* la Asamblea Legislativa le confirió jurisdicción apelativa exclusiva a la CASP para adjudicar en primera instancia una controversia como la de marras relacionada con el traslado de un servidor público de carrera. Este foro administrativo especializado tiene la facultad de conceder los remedios que procedan, incluyendo la restitución al puesto, la concesión de beneficios, la imposición de sanciones e indemnización, según dispuesto en el Artículo 8 del Plan de Reorganización Núm. 2-2010, *supra,* Art. 8.

Para que el señor Díaz Villegas quedara eximido de agotar el trámite administrativo, debía demostrar con hechos específicos y bien definidos las excepciones reconocidas por nuestra jurisprudencia: (1) que el remedio administrativo era inadecuado o ineficaz; (2) que había una probabilidad sustancial de daño irreparable si se requería agotar dicho remedio; o (3) que se trató de una cuestión puramente constitucional que no requería la pericia administrativa. Sin embargo, no logró satisfacer ninguna de estas excepciones, ya que su reclamación se sustentó en una alegación de discrimen político desprovista de hechos específicos que permitieran concluir que tal actuación constituyó una injuria que imposibilitó acudir al foro administrativo. En ausencia de tal demostración, la mera invocación de un derecho constitucional, por sí sola, no justificó preterir el cauce administrativo. En tal sentido, el Foro *a quo* resolvió correctamente que no podía intervenir en la reclamación presentada por el apelado, por tratarse de una acción atribuida a su patrono que debía ventilarse en primera instancia ante la CASP.

Ahora bien, el expediente revela que en la carta de traslado de 21 de agosto de 2023 se omitió incluir el apercibimiento sobre el derecho del señor Díaz Villegas en apelar la decisión de su patrono ante la CASP dentro del término de treinta (30) días, tal como establecen el Artículo 12 del Plan de Reorganización Núm. 2-2010, *supra*, Art. 12, y la Sección 6.4 (3)(1)(b) del Reglamento para la Aplicación de la Ley Núm. 8-2017, *supra*, sec. 6.4(3)(1)(b). Tal omisión obstaculizó el ejercicio oportuno del recurso administrativo por parte del apelante. Además, impidió que el término para apelar ante el ente administrativo comenzara a transcurrir. A fin de subsanar lo anterior, se requiere que el patrono emita nuevamente la notificación conforme a derecho incluyendo expresamente la advertencia sobre el derecho a apelar y el término correspondiente.

Por tanto, si bien el TPI actuó correctamente al desestimar la *Demanda* ante su consideración por falta de jurisdicción, corresponde, en protección del derecho al debido proceso de ley del señor Díaz Villegas, ordenar al DSP emitir una nueva notificación escrita del traslado que cumpla con los requisitos establecidos por ley y reglamento, incluyendo el apercibimiento sobre el derecho a apelar ante la CASP.

### III.

Por los fundamentos que anteceden, se confirma la determinación apelada. Sin embargo, se ordena que el DSP emita una nueva notificación de traslado, conforme a derecho, al señor Díaz Villegas.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones